## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| LARRY J. CORDELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:15-cv-01055-JAR |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Larry J. Cordell's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 24). The Government responded (Doc. 25). For the following reasons, Petitioner's Section 2254 petition is **DENIED** and this action is **DISMISSED with prejudice.**

## I. Introduction and Background

On January 8, 2014, Petitioner pleaded guilty to first-degree burglary (Count I), second-degree assault (Count II), armed criminal action (Count III), possession of burglar's tools (Count IV), second-degree burglary (Count VIII), stealing (Count IX), property damage (Count X), and three counts of receiving stolen property (Counts V, VI, and VII). (Doc. 12-1 at 27-69). On February 28, 2014, the court sentenced Petitioner to prison terms of 20 years for Count I; 15 years on Counts II, III, VI, VII, and VIII; 7 years on Count IV; 1 year on Counts V and IX; and 180 days on Count X, all to be served concurrently. (*Id.* at 70-75).

On April 3, 2014. Petitioner filed a pro se motion for post-conviction relief under Rule 24.035 (*Id.* at 77-86). On July 16, 2014, Petitioner's counsel filed an amended motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, raising two claims:

(1) Trial counsel was ineffective for advising Petitioner that, if he pleaded guilty, he would be placed in a long-term drug treatment program, when, in fact, Petitioner was ineligible for the program; and

(2) Trial counsel was ineffective for failing to move to suppress coerced, incriminating statements made after Petitioner invoked his right to remain silent.

(*Id.* at 92-106). The motion court denied Petitioner's motion on August 5, 2014 (*Id.* at 109-116).

On June 9, 2015, the Missouri Court of Appeals affirmed the motion court's denial (Doc. 12-4).

On July 8, 2015, Petitioner filed a habeas petition under 28 U.S.C. § 2254. (Doc. 1). With leave of Court, Petitioner filed an amended petition on December 19, 2016. (Doc. 24). In his amended petition, Petitioner reasserts his first claim of ineffective assistance of trial counsel[1] and adds a new ground for relief—that the Missouri Supreme Court's holding in *State v Bazell,* 497 S.W.3d 263 (Mo. 2016), changed the punishment for stealing offenses. (*Id.*)

## II. Analysis

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if

---

[1] In his petition, Petitioner titles this claim "Ground One and Two" but it is apparent from the substance of his argument that he is only advancing a single allegation of ineffective assistance—that counsel misled him into pleading guilty with the promise of a long-term drug treatment program in lieu of jail time. (*See* Doc. 24 at 9.)

it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

## A. Ineffective Assistance of Trial Counsel Claim

In his first ground, Petitioner argues that his trial counsel was ineffective for advising him that, if he pleaded guilty, he would be placed in a long-term treatment program when, in fact, Petitioner was not eligible for the program. (Doc. 24 at 9.) To prove ineffective assistance of counsel, a Petitioner must show that counsel's performance was deficient and that Petitioner was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Counsel's representation is deficient where it fails to meet the standards of reasonable effective assistance, given all the circumstances. *Id.* at 687-88. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Even where an unreasonable error by counsel occurred, the judgment of a criminal proceeding shall not be set aside if it had no outcome on the proceeding. *Id.* at 691. Therefore, the Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Federal habeas review of a *Strickland* claim is highly deferential, because "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether the determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (internal quotations and citations omitted).

Petitioner essentially argues that he only pleaded guilty because of counsel's assurance that he would be placed in treatment. That claim is refuted by the court record. As the Missouri Court of Appeals noted,

> [Petitioner] was repeatedly advised as to the range of punishment and the State's 20-year sentencing recommendation. At the sentencing hearing, counsel requested the court sentence [Petitioner] to 9 years in prison. Upon questioning by the court, [Petitioner] specifically and repeatedly advised the court that he had not been promised anything in return for his plea of guilty and that he had no complaints about counsel's representation. [Petitioner's] post-conviction allegation that counsel promised him he would be considered for long-term drug treatment in exchange for his guilty plea is refuted by the record.

(Doc. 12-4 at 5.) "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "[T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Id.* Petitioner must submit significant evidence to overcome the presumption; "conclusory allegations

- 4 -

unsupported by specifics" are not enough. *Id.* Nothing in the record suggests that Petitioner's testimony was coerced or that his plea was unknowing or otherwise suspect, and he offers nothing but conclusory allegations in support of his ineffective-assistance claim. Habeas relief is therefore not warranted.

## B. Double Jeopardy for Punishment of Stealing Offenses

In his second ground, Petitioner argues that he was subjected to double jeopardy and is therefore entitled to a sentence reduction pursuant to the Missouri Supreme Court's holding in *Bazell*. (Doc. 24 at 9.) The Court disagrees. In *Bazell*, the defendant was convicted of burglary and four counts of stealing that arose from the burglary of two homes. 497 S.W.3d at 265. Two of the stealing counts were enhanced to felonies under Missouri Revised Statutes § 570.030.3 because the stolen items were firearms. *Id.* at 265-66. The defendant was sentenced to concurrent terms of twelve years on the felony stealing charges. *Id.* at 265. On appeal, the defendant argued that her sentence violated the Double Jeopardy Clause of the Fifth Amendment because she was convicted of two stealing offense that arose in the course of a single robbery. *Id.* The Missouri Supreme Court held that the felony enhancement in § 570.030.3 does not apply to the theft of firearms, reversed those convictions, and remanded the case without addressing the defendant's double-jeopardy argument. *Id.* at 267.

Because the *Bazell* court did not reach the double-jeopardy issue, the case is of no help to Petitioner. Likewise, Petitioner was not charged with multiple stealing offenses and therefore there is no double-jeopardy concern in his case. (Doc. 12-1 at 27-69.) Moreover, the Missouri Supreme Court later held that *Bazell* only applies prospectively. *See State ex rel. Fite v. Johnson*, 530 S.W.3d 508, 511 (Mo. 2017). Finally, Petitioner had already served the one-year sentence for stealing before he filed his petition and therefore was not "in custody" as to that

sentence as required by 28 U.S.C. § 2241(c)(3). *Beckwith v. Koster*, No. 4:16-CV-1098 CDP, 2016 WL 3924187, at *1 (E.D. Mo. July 21, 2016) (citing *Mays v. Dinwiddie*, 580 F.3d 1136, 1140-41 (10th Cir. 2009) (holding that prisoner who had already completed the shorter of two concurrent sentences was not "in custody" for purposes of challenging the constitutionality of the shorter sentence)). In short, Petitioner's argument fails.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Larry J. Cordell's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 24) is **DENIED.**

**IT IS FURTHER ORDERED** that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

A judgment dismissing this case is filed herewith.

Dated this 26th day of September, 2018.

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**